**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS TORRES-SANTOYO, | No. 15-71722 |
| Petitioner, | Agency No. A087-531-169 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Juan Carlos Torres-Santoyo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying cancellation of removal, and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to remand, and review de novo questions of law. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 923 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the BIA's denial of Torres-Santoyo's motion to remand to the extent it concerns the same hardship grounds as his original application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006) ("If . . . the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief, [8 U.S.C.] § 1252(a)(2)(B)(i) precludes our visiting the merits, just as it would if the BIA had affirmed the [immigration judge] on direct appeal.").

To the extent Torres-Santoyo presented non-cumulative evidence of hardship to his qualifying relative in his motion to remand, the BIA did not abuse its discretion in denying the motion for failure to establish prima facie eligibility for cancellation of removal. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

We reject as unsupported Torres-Santoyo's contention that the BIA failed to

consider his evidence or provided insufficient reasoning. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (the BIA adequately considered evidence and sufficiently announced its decision).

We lack jurisdiction to consider Torres-Santoyo's unexhausted contention that the agency applied an incorrect legal standard. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**